Jerry L. Steering [State Bar No. 122509]
LAW OFFICE OF JERRY L. STEERING
4063 Birch Street
Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
jerrysteering@yahoo.com

Attorney for plaintiffs Raymond Kovacic and Jared Kovacic

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND KOVACIC and JARED KOVACIC, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF LOS ANGELES, EDWARD J. MCDONALD and DOES 1 through 10, inclusive, <br><br> Defendants. | )Case No. CV14-7765 <br> ) <br> )COMPLAINT FOR DAMAGES FOR <br> )VIOLATION OF FEDERAL <br> )CONSTITUTIONAL RIGHTS UNDER <br> )COLOR OF STATE LAW (42 U.S.C. § <br> )1983); FEDERAL CONSTITUTIONAL <br> )CLAIMS FOR VIOLATION OF FOURTH <br> )AMENDMENT RIGHTS  – UNLAWFUL / <br> )UNREASONABLE SEIZURE OF <br> )PERSON, VIOLATION OF FOURTH <br> )AMENDMENT RIGHTS EXCESSIVE / <br> )UNREASONABLE USE OF FORCE ON <br> )PERSON, VIOLATION OF FOURTH <br> )AMENDMENT RIGHTS - <br> )UNREASONABLE / UNLAWFUL <br> )ENTRY INTO & SEARCH AND SEIZURE <br> )OF PRIVATE  RESIDENCE, VIOLATION <br> )OF FIRST AMENDMENT RIGHTS, <br> )CLAIM AGAINST LOCAL GOVERNING <br> )BODY DEFENDANTS BASED ON <br> )FAILURE TO TRAIN, CLAIM AGAINST <br> )LOCAL GOVERNING BODY <br> )DEFENDANTS BASED ON OFFICIAL |

COMPLAINT FOR DAMAGES

1

*Law Offices of Jerry L. Steering*

)POLICY, PRACTICE, OR CUSTOM,
)VIOLATION OF FOURTH
)AMENDMENT RIGHTS – UNLAWFUL /
)UNREASONABLE SEARCH OF
)PERSON, CALIFORNIA STATE LAW
 CAUSES OF ACTION FOR, VIOLATION
 OF CAL. CIVIL CODE § 52.1, FALSE
 ARREST / FALSE IMPRISONMENT,
 BATTERY, ASSAULT, INTENTIONAL
 INFLICTION OF EMOTIONAL
 DISTRESS, NEGLIGENT INFLICTION
 OF EMOTIONAL DISTRESS (*DILLON V. LEGG* CLAIM), AND TRESPASS TO
 PRIVATE RESIDENCE - INVASION OF
 RIGHT TO PRIVACY

JURY TRIAL DEMANDED

**COME NOW** plaintiffs Raymond Kovacic and Jared Kovacic and show this Honorable Court the following:

## JURISDICTIONAL ALLEGATIONS

1.     As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.     As the incidents complained of in this action occurred in the County of Los Angeles, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.     Plaintiffs timely filed their Government Claims For Damages against the County of Los Angeles less than six months following the incident of July 31, 2013

COMPLAINT FOR DAMAGES

2

incident complained of in this action, and those claims were denied by the County of Los Angeles on April 7, 2014.

## **GENERAL ALLEGATIONS**

4.  Plaintiff Raymond Kovacic, hereinafter referred to as "Raymond Kovacic" and "R. KOVACIC" and/or "plaintiff, is a natural person, who, at all times complained of in this action, resided in the County of Los Angeles; State of California.

5.  Plaintiff Jared Kovacic, hereinafter referred to as "Jared Kovacic " or "J. KOVACIC" or "plaintiff", is a natural person, who, at all times complained of in this action, resided in the County of Los Angeles; State of California. Plaintiff Jared Kovacic is the natural and legal son of plaintiff Raymond Kovacic.

6.  Defendant Edward J. McDonald, hereinafter referred to as "McDONALD" "Sgt. McDonald", is, and at all times complained herein, was, a deputy sheriff and a Sergeant / supervisor with the Los Angeles County Sheriff's Department. At all times complained of herein, MCDONALD was acting as an individual person under the color of state law, pursuant to his status as a deputy sheriff / Sergeant / supervisor, and was acting in the course of and within the scope of his employment with the Los Angeles County Sheriff's Department and defendant County of Los Angeles.

7.  Defendant County of Los Angeles, hereinafter also referred to as "COUNTY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

COMPLAINT FOR DAMAGES

3

**Law Offices of Jerry L. Steering**

8.     Defendants DOES 1 through 6, inclusive[1], are sworn peace officers and / or deputy sheriffs and/or police officers and/or investigators and/ supervisors and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant COUNTY and/or otherwise employed by the Los Angeles County Sheriff's Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiffs for the acts complained of in this action, and, whose identities are, and remain unknown to plaintiffs, who will amend their complaint to add and to show the actual names of said DOE defendants when so ascertained by plaintiffs.

9.     At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Los Angeles County Sheriff's Department, and were acting in the course of and within the scope of their employment with defendant COUNTY.

---

[1] The term "defendants DOES 1 through 6, inclusive", not only includes said four "DOE" deputy sheriffs complained of in this action, but also other presently unnamed Los Angeles County Sheriff's Department deputy sheriffs and other Los Angeles County Sheriff's Department personnel, who are presently unnamed in this instant Complaint for Damages because of the limitation of ten "DOE" defendants that may be named in a federal Complaint in this District.

COMPLAINT FOR DAMAGES

4

**Law Offices of Jerry L. Steering**

10.     Moreover, at all times complained of herein, DOES 7 through 10, inclusive, were acting pursuant to the policies and/or practices and/or customs and/or usages of the Los Angeles County Sheriff's Department, many of which they created or are liable for the creation of, for: 1) for using excessive / unreasonable force on persons;  2) for unlawfully seizing persons; 3) for unlawful searching persons; 4) for falsely arresting and falsely imprisoning persons; 5) for unlawfully seizing private property and for ejecting persons from private residences; 6) for unlawful searching  private residences; 7) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other deputy sheriffs and supervisory personnel from civil, administrative and criminal liability; 8) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 9) for interfering with persons' rights to remain in their private residences; 11) for covering-up unlawful and tortious conduct by Los Angeles County Sheriff's Department personnel, and 12) for performing unlawful warrantless searches of private residences, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained of below by the plaintiffs in this action.

11.     At all times complained of herein, DOES 7 through 8, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or Probation Officers and/or Special Officers and/or public

COMPLAINT FOR DAMAGES

officers / public officials and/or dispatchers, employed by the County of Los Angeles

Probation Department / County of Los Angeles, and were acting in the course of and

within the scope of their employment with defendant County of Los Angeles.

12.    At all times complained of herein, DOES 7 through 8, inclusive, were acting

pursuant to the policies and/or practices and/or customs and/or usages of the Los Angeles

County Probation Department / County of Los Angeles for: 1) for using excessive /

unreasonable force on persons; 2) for unlawfully seizing persons; 3) for unlawful

searching persons; 4) for falsely arresting and falsely imprisoning persons; 5) for

unlawfully seizing private property and for ejecting persons from private residences; 6)

for unlawful searching  private residences; 7) for fabricating / destroying / concealing /

altering evidence in criminal and civil actions, and for otherwise "framing" persons in

criminal actions, in order to falsely and maliciously, oppressively convict innocent

persons, to protect them and other deputy sheriffs and supervisory personnel from civil,

administrative and criminal liability; 8) for interfering with persons' and/or otherwise

violating persons' constitutionally protected right to free speech; 9) for interfering with

persons' rights to remain in their private residences; 11) for covering-up unlawful and

tortious conduct by Los Angeles County Sheriff's Department personnel, and 12) for

performing unlawful warrantless searches of private residences, and were a proximate

cause of the very same California state law, and federal and state constitutional violations

complained of below by the plaintiffs in this action.

COMPLAINT FOR DAMAGES

6

**Law Offices of Jerry L. Steering**

13.     Plaintiffs are presently unaware of the identities of DOES 1 through 10, inclusive, and will amend their complaint to add and to show the actual names of said DOE defendants, when ascertained by plaintiffs.

14.     Moreover, at all times complained of herein, defendants McDONALD and DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the Los Angeles County Sheriff's Department / County of Los Angeles, for, *inter alia*: 1) for using excessive / unreasonable force on persons; 2) for unlawfully seizing persons; 3) for unlawful searching persons; 4) for falsely arresting and falsely imprisoning persons; 5) for unlawfully seizing private property and for ejecting persons from private residences; 6) for unlawful searching  private residences; 7) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other deputy sheriffs and supervisory personnel from civil, administrative and criminal liability; 8) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 9) for interfering with persons' rights to remain in their private residences; 11) for covering-up unlawful and tortious conduct by Los Angeles County Sheriff's Department personnel, and 12) for performing unlawful warrantless searches of private residences, and were a proximate

COMPLAINT FOR DAMAGES

**Law Offices of Jerry L. Steering**

cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiffs in this action.

15.     In addition to the above and foregoing, defendants McDONALD and DOES 1 through 10, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiffs of their federal Constitutional and statutory rights, as complained of in this action, and acted in joint and concerted action to so deprive the plaintiffs of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law.

16.     Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein. McDONALD.

**FIRST CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Violation of Fourth Amendment Rights –**
**Unlawful / Unreasonable Seizure of Person**
**(By Plaintiffs Raymond Kovacic and Jared Kovacic Against All Defendants)**

17.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 16, inclusive, above, as if set forth in full herein.

18.     Plaintiffs Raymond Kovacic, date of birth age May 4, 1967, and his natural and legal son, Jared Kovacic, September 20, 1995, reside at a single family

COMPLAINT FOR DAMAGES

natural and legal son, Jared Kovacic, September 20, 1995, reside at a single family residence at 4500 Yorkfield Court, Westlake, CA 91361.

19.     Plaintiff Raymond Kovacic is a high-ranking federal law enforcement official.  He lives on a quiet cul-de-sac in Westlake Village, at 4500 Yorkfield Court, Westlake, CA 91361.

20.     On the early morning hours of July 31, 2013, Raymond Kovacic was asleep in the home he shares with his son, Jared Kovacic; then a minor.

21.     That evening, several of Jared Kovacic's guests were spending the night at the Kovacic residence, including Jared's minor friend, S., and Mr. Kovacic's cousin Adam, and Adam's three friends.

22.     Shortly after 1:00 a.m. Raymond Kovacic awakened to what he recognized to be the sounds of a police radio outside his home. He got up, put on clothes and shoes, and went downstairs to his front door.  He did not wake up anyone, and no one else in the home was up at the time.

23.     As Raymond Kovacic reached his front door, he turned on the front light and opened the double door.  He heard a voice say, "Someone's coming from the house."  No person identified him or herself as police officer, nor could anyone resembling a police officer be seen by Raymond Kovacic.

24.     Raymond Kovacic saw two Los Angeles County Sheriff's Department Deputy Sheriffs (DOES 1 to 3, inclusive); each of whom was holding a flashlight and a

Law Offices of Jerry L. Steering

handgun, pointed directly at Raymond Kovacic.

25.     As Raymond Kovacic stepped onto his front steps, said deputy sheriffs (DOES 1 through 3, inclusive) and defendant Sgt. McDonald  shined their flashlights in his face, ordered him to "turn around," "get on the ground," and put his hands behind his head.

26.     As Raymond Kovacic was complying with the "DOE" deputies' / and Sgt. McDonald's orders to him, deputies DOES 4-5, inclusive, ordered Raymond Kovacic to walk backwards toward his voice.

27.     Raymond Kovacic complied, and walked backwards with his hands behind his head, toward the deputy's voice.

28.     Then, one of the DOE deputies (DOES 1 and 2) and/or and Sgt. McDonald holstered his/her pistol to handcuff Raymond Kovacic.

29.     The other DOE deputies (DOES 3 and 4) and/or and Sgt. McDonald kept his/their pistols(s) pointed at Raymond Kovacic, from only a few feet away.

30.     Given his own background in law enforcement and his extensive firearms training, Raymond Kovacic was well aware of terms such as "wound channel" and "permanent cavity," and the expected/anticipated effects of a volley of hollow-point bullets fired at him at point-blank range.

31.      Raymond Kovacic was aware of the many historical instances of Los Angeles County Sheriff's Department Deputy Sheriffs deputy sheriffs, and other law

COMPLAINT FOR DAMAGES

10

enforcement officers wrongfully and unlawfully shooting unarmed persons who had supposedly "reached for their waistband" (i.e. perception shootings or worse[2].) Fortunately, Raymond Kovacic had not stepped onto his front steps carrying his own duty weapon and was careful not to move other than as ordered to by said DOE deputies.

32.     The DOE deputies ordered Raymond Kovacic onto his knees, and his hands were cuffed one at a time.

33.     As Raymond Kovacic was being handcuffed by said DOE defendant deputies and/or and Sgt. McDonald, he realized that there were a number of Sheriff's Department patrol cars that had arrived at his home.

34.     After Raymond Kovacic was handcuffed and truly now helpless, said DOES deputies and/or and Sgt. McDonald picked him up by pulling up under his arms and by the chain of the handcuffs, and shoved him into the back of a patrol car, head first.

35.     Raymond Kovacic asked the deputies, "What's going on?" and identified himself as a federal law enforcement agent.  One DOE deputy and/or and Sgt. McDonald sarcastically responded:  "You should have told us that sooner."

36.     The handcuffs tightened-up on Raymond Kovacic every time he moved as the deputies didn't double lock the handcuffs; knowing what would happen. Raymond Kovacic quickly lost all feeling in his hands.

37.     Raymond Kovacic saw a neighbor and the neighbor's sons watch him in his

---

[2] Just plain murder by deputies.

COMPLAINT FOR DAMAGES

11

**Law Offices of Jerry L. Steering**

humiliation as they drove past, returning from a late-night movie showing.

38.     In addition to the number of Sheriff's Department deputies he saw outside his home, Raymond Kovacic also saw and heard a Sheriff's Department helicopter flying overhead, with a spotlight trained on him and his residence.

39.     Also, several deputies were taking cover behind the doors of their cruisers, with their guns trained on the house.

40.     The DOE deputies yelled-out : "How many people are in the house?"  and "How many women are in the house?"

41.     Then, one of the DOE deputies and/or and Sgt. McDonald  called over a bullhorn words to the effect, "Come on out, we know you're inside", and "If you don't come out, we're letting the dog in." The DOE deputies also announced that the dog was vicious.

42.      In response to being ordered out of his home, plaintiff Raymond Kovacic's son, plaintiff Jared Kovacic, and his friend, came out of the house, wearing only their underwear and t-shirts.

43.      The deputies and/or and Sgt. McDonald ordered both Jared Kovacic, and his friend to the ground, and to put their hands behind their heads, and the young men followed the deputies' orders and did so.

44.      As Jared Kovacic knelt down in the street in response to the deputies' orders, a DOE defendant deputy sheriff performed a "knee drop" on the back of his calf,

COMPLAINT FOR DAMAGES

12

**Law Offices of Jerry L. Steering**

**Law Offices of Jerry L. Steering**

to cramp the muscle and immobilize him; to deliberately inflict pain and suffering on Jared Kovacic.

45.     While Jared Kovacic and his minor friend were handcuffed and kneeling in the wet gutter on the street, LASD Sgt. McDonald and DOES 1 to 4, approached them and told them they were going to be there for a long time.

46.     Sgt. McDonald and DOES 1 to 4, implied they would eventually be taken into custody.  Whenever Jared asked a question, such as "Why is my dad in the back of the car?"  "Why are we handcuffed?" or "What's going on?" DOES 1 to 4 and/or Sgt. McDonald would order him to "Shut the fuck up."

47.     Both boys' handcuffs were cranked down really hard, and marks were visible even the next morning.  The Kovacics' other house guests were all also ordered to exit the Kovacics' residence, and all of them were surrounded by deputies and had guns trained on them from not more than a few feet away.

48.     The DOE deputies and/or Sgt. McDonald yelled for the other house guests to come out. Several DOE deputies and/or Sgt. McDonald armed with shotguns and pistols walked towards the house and entered it.

49.     Others entered with their weapons drawn. None of the DOE deputies and/or Sgt. McDonald ever asked any of the occupants of said residence for permission to enter the Kovacic residence, or claimed to have permission to enter the Kovacic residence, presented a search warrant, or claimed to have one.

COMPLAINT FOR DAMAGES

13

Law Offices of Jerry L. Steering

50.    Inasmuch as the deputies DOES 1 to 4 and Sgt. McDonald never even reached several of the rooms, they clearly were not trying to "clear" the house and were apparently engaged in some kind of black bag job.

51.    Raymond Kovacic's United States government-owned vehicle ("GOV"), a Chevy Tahoe, was parked in front of the Kovacic residence.

52.    LASD Sgt. McDonald and DOES 1 to 4 asked Jared Kovacic who the Chevy Tahoe belonged to. Jared Kovacic, answered: "It's my dad's work truck."

53.    When asked what his father did for a living, Jared Kovacic responded that Raymond Kovacic was a federal agent. Sgt. McDonald and DOES 1 to 4 replied, "Oh he is?  "Well, look where he is now!", and gestured to the patrol car where Mr. Kovacic was slumped, watching the scene unfold before him. Raymond Kovacic and Jared Kovacic both verbally protested said defendants actions being perpetrated against them.

54.    Another deputy (DOE 5) told Jared Kovacic, whom he repeatedly called "Fred," "We've been watching this place a long time," and asked, "Where's your sister"; implying that a female lived at the residence. However, Jared Kovacic's only other sibling is a male, and there were and are no female residents of the Kovacic home.

55.    At some point after the DOE deputies and Sgt. McDonald left the house, restraints were removed from the minors and the house guests, and they were told to go back into the house. Sgt. McDonald and DOES 1 to 4 replied approached the car in which Raymond Kovacic was confined, and began to try to engage in some kind of negotiation

COMPLAINT FOR DAMAGES

14

with Raymond Kovacic.  Sgt. McDonald and/or DOES 1 through 5, inclusive, told Raymond Kovacic to "remain calm," and not to "say anything in front of the deputies or the boys" and wait until the boys were "back inside."

56.    By then, Raymond Kovacic's entire body was cramping, and he was unable to move.  Two DOE deputies and/or Sgt. McDonald had to remove Raymond Kovacic out of the cruiser, and they then removed the handcuffs.

57.    Sgt. McDonald and said DOE deputies then told Raymond Kovacic that the deputies had been "responding to a burglar alarm" from within the Kovacic house, and that the two deputies who had initially forced Mr. Kovacic off his property at gunpoint, handcuffed him, and threw him into the back of their cruiser were "two of his best guys."

58.    After Raymond Kovacic explained that his house was not equipped with an alarm, Sgt. McDonald and said DOE deputies left and returned to Raymond Kovacic's location; this time claiming that the deputies "heard a crash" at the house. This was another completely false statement by Sgt. McDonald and said DOE deputies.

59.    Raymond Kovacic, asked Sgt. McDonald and said DOE deputies whether he was seriously suggesting that the deputies were simply driving through the neighborhood, "heard a crash," and somehow determined that it came from within his home.

60.    Sgt. McDonald and said DOE deputies responded, "They're very good, and I don't want to make a problem. This was all within policy, they did nothing wrong.  This wasn't a training exercise."

COMPLAINT FOR DAMAGES

**Law Offices of Jerry L. Steering**

61.     Mr. Kovacic requested of Sgt. McDonald and said DOE deputies: "I'd like a copy of the incident report when it's filed."  Sgt. McDonald and said DOE deputies responded, "There won't be an incident report. There was no incident."

62.     This didn't please Raymond Kovacic as he spent approximately an hour in the back seat of the patrol car.

63.     Jared Kovacic and his friends and relatives spent approximately 45 minutes outside of his home while being seized by said deputies.

64.     Then Sgt. McDonald he and the last of the sheriff's deputies left the scene at the Kovacic's house.

65.     The seizures of the plaintiffs were done without a warrant, without reasonable suspicion of criminality afoot of either of the plaintiffs, without probable cause to believe that any of the plaintiffs had committed a crime, and in the absence of any emergency / exigency.

66.     In addition to the above and foregoing, each of said defendants had actual notice of the unlawful seizures and other tortious and criminal conduct by the other defendants, had notice of the unlawfulness of each other's actions, and had a realistic opportunity to intervene to stop each other from continuing their unlawful actions against the plaintiffs; above-described.

67.     Notwithstanding such notice and opportunity to intervene, none of the

COMPLAINT FOR DAMAGES

16

defendants to this action intervened in each other's unlawful activities (i.e. unlawfully seizing the plaintiffs and their guests) perpetrated against the plaintiffs.

68.     In addition to the above and foregoing, said defendants also violated the plaintiffs' right to be free an unreasonable seizure of their persons under the Fourth Amendment to the United States Constitution, by their use of force and the excessive and unjustified manner of their restraint of the plaintiffs.

69.     Accordingly, the seizures of Raymond Kovacic and Jared Kovacic by Sgt. McDonald and DOES 1 through 10, inclusive, constituted an unlawful and unreasonable seizure of their persons; without a warrant, without reasonable suspicion of criminality afoot by either of the plaintiffs, in their home[3], and without probable cause to believe that either of the plaintiffs had committed a crime[4], in violation of their rights to be free from such an unlawful and unreasonable seizure of their persons under the Fourth Amendment to the United States Constitution.

70.     As a direct and proximate result of the actions of said defendants actions, plaintiffs were: 1) were substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses, 3) incurred attorney's fees and associated litigation and other related costs, and 4) incurred the loss of business

_____

[3] That is, Jared Kovacic was ordered out of his house at gunpoint.
[4] Or even reasonable suspicion of criminality afoot.

COMPLAINT FOR DAMAGES

Law Offices of Jerry L. Steering

wages and profits, and 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

71.    The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiffs' constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial, in excess of $10,000,000.00.

## SECOND CAUSE OF ACTION
## [VIOLATION OF 42 U.S.C. § 1983]
### Violation of Fourth Amendment Rights
### Excessive / Unreasonable Use of Force on Person
### (By Raymond Kovacic and Jared Kovacic Against McDONALD and DOES 1 through 10, inclusive)

72.    Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 71, inclusive, above, as if set forth in full herein.

73.     As mentioned above and in addition to the above and foregoing, the pointing of the guns at the plaintiffs by said deputies and/or Sgt. McDonald constituted the unjustified threatened use of deadly force, and, a such constituted a violation of the plaintiff's right to be free from the same in violation of the plaintiffs' constitutional rights under the Fourth Amendment to the United States Constitution.

74.    In addition to the above and foregoing, said defendants also violated the plaintiffs' right to be free to from the use of unreasonable force against them under the Fourth Amendment to the United States Constitution, by their use of force and manner of restraint of the plaintiffs.

COMPLAINT FOR DAMAGES

75.     As a direct and proximate result of the actions of said defendants actions, plaintiffs were: 1) were substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses, 3) incurred attorney's fees and associated litigation and other related costs, and 4) incurred the loss of business wages and profits, and 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

76.     The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiffs' constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial, in excess of $10,000,000.00.

### THIRD CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
### Violation Of Fourth Amendment Rights
### Unreasonable / Unlawful Entry Into & Search and Seizure of Private Residence
### (By Raymond Kovacic and Jared Kovacic Against all Defendants)

77.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 76, inclusive, above, as if set forth in full herein.

78.     As shown above, during all times complained of in this action, plaintiffs resided at the single family home located at 4500 Yorkfield Court, Westlake, CA 91361.

79.     Also as shown above, plaintiffs Jared Kovacic and his overnight house guests were ordered out of the plaintiff's home at gunpoint during the July 31, 2013

COMPLAINT FOR DAMAGES

incident complained of in this action.

80.     Moreover, during the July 31, 2013 incident complained of, plaintiff Raymond Kovacic was kept outside of his home and deprived the use of the same as soon as he exited the same.

81.     Moreover, after the plaintiffs were ordered out and kept outside of their home, said DOE defendants and defendant Sgt. McDonald entered the plaintiffs' home and searched the same; all without a warrant, consent, an emergency or exigent circumstances to have entered or searched said residence.

82.     The actions of defendants Sgt. McDonald and DOES 1 to 8, inclusive, complained of in this action in entering and searching the plaintiffs' home constituted an unlawful and unreasonable search of the plaintiffs home in the absence of a warrant, consent, an emergency or exigency, in violation of the plaintiffs' rights to be free from such and entry and search of their home under the Fourth Amendment to the United States Constitution.

83.     Furthermore, the ordering of the plaintiff Jared Kovacic and his overnight guests to go outside of his home constituted an unlawful and unreasonable seizure of the plaintiffs' home constituted a violation of the plaintiffs' rights to be free from such seizure of their home under the Fourth Amendment to the United States Constitution.

84.     As a direct and proximate result of the actions of defendants Sgt. McDonald and DOES 1 to 8, inclusive, plaintiffs were : 1) substantially physically, mentally and

COMPLAINT FOR DAMAGES

20

**Law Offices of Jerry L. Steering**

emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $10,000,000.00.

85.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of Jared Kovacic and Jared Kovacic's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $10,000,000.00.

### FOURTH CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
### Claim Against Local Governing Body Defendants Based On Failure To Train
### (By Raymond Kovacic and Jared Kovacic Against all Defendants)

86.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 85, inclusive, above, as if set forth in full herein.

87.     As shown above, when defendants COUNTY and DOES 1 through 10, inclusive, deprived Raymond Kovacic and Jared Kovacic of their particular rights under the United States Constitution, they were acting under the color of state law.

88.     The training policies of defendants COUNTY and DOES 8 through 10, inclusive, were not adequate to train their Probation Officers, Deputy Sheriffs and other sworn peace officer / public officer personnel to handle the usual and recurring situations

COMPLAINT FOR DAMAGES

with which they must deal with, to wit; defendants COUNTY and DOES 8 through 10, inclusive, failed to properly train its Probation Officers, Deputy Sheriffs and other sworn peace officer / public officer personnel to not to: 1) use excessive / unreasonable force on persons; 2) unlawfully seize persons; 3) unlawful search persons; 4) falsely arrest and falsely imprison persons; 5) unlawfully seizing private property; 6) eject persons from their private residences; 6) unlawfully search and damage  private residences; 7) interfere with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 8) interfere with persons' rights to remain in their private residences; 9) cover-up unlawful and tortious conduct by Los Angeles County Sheriff's Department and Los Angeles County Probation Department personnel, and 10) perform unlawful warrantless searches of private residences, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action, because of such failure to so properly train said defendants and their other personnel.

89.    Defendants COUNTY and DOES 5 through 10, inclusive, were deliberately indifferent to the obvious consequences of their failure to train their Probation Officers, Deputy Sheriffs and other sworn peace officer / public officer personnel adequately; and

90.    The failure of defendants COUNTY and DOES 5 through 10, inclusive, to provide such adequate training caused the deprivation of plaintiffs' rights by the defendants COUNTY and DOES 8 through 10, inclusive; that is, the defendants' failure

to train was so closely related to the deprivation of plaintiffs' rights as to be the moving force that caused the ultimate injury.

91. As a direct and proximate result of the actions of defendants COUNTY and DOES 5 through 10, inclusive, as complained of herein, plaintiffs: 1) were substantially physically, mentally and emotionally injured and endured great physical, mental and emotional suffering; 2) incurred medical and psychological costs, bills and expenses, and 3) incurred substantial lost profits and wages; 4) incurred damages to their home, 5) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $10,000,000.00.

### FIFTH CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
### Claim Against Local Governing Body Defendants Based On
### Official Policy, Practice, Or Custom
### (By Raymond Kovacic and Jared Kovacic Against Defendant COUNTY)

92. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 91 inclusive, above, as if set forth in full herein.

93. As shown above, the actions of defendants McDONALD and DOES 1 through 8, inclusive, deprived the plaintiffs of their particular rights under the United States Constitution and under the California Constitution, as described above.

94. At all times complained of herein, McDONALD and DOES 1 through 8, inclusive, were acting pursuant to the policies, customs, usages and practices of the Los Angeles County Sheriff's Department / defendants COUNTY: 1) for using excessive /

**Law Offices of Jerry L. Steering**

unreasonable force on persons; 2) for unlawfully seizing persons; 3) for unlawful searching persons; 4) for falsely arresting and falsely imprisoning persons; 5) for unlawfully seizing private property and for ejecting persons from private residences; 6) for unlawful searching  private residences; 7) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other deputy sheriffs and supervisory personnel from civil, administrative and criminal liability; 8) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 9) for interfering with persons' rights to remain in their private residences; 11) for covering-up unlawful and tortious conduct by Los Angeles County Sheriff's Department personnel, and 12) for performing unlawful warrantless searches of private residences, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiffs in this action.

95.    Said actions of said defendants were done by them under the color of state law.

96.    As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendants COUNTY and DOES 5 through 6, inclusive, above-described, said defendants committed said actions complained of above.

COMPLAINT FOR DAMAGES

24

97.     As a direct and proximate result of the actions of defendants COUNTY and DOES 1 through 10, inclusive, as complained of herein, plaintiffs: 1) were substantially physically, mentally and emotionally injured, and great physical, mental and emotional pain, suffering and distress; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost profits and wages, and 4) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $10,000,000.00.

### SIXTH CAUSE OF ACTION
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights –**
**Unlawful / Unreasonable Search of Person**
**(By Raymond Kovacic and Jared Kovacic Against all Defendants)**

98.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 97, inclusive, above, as if set forth in full herein.

99.     After plaintiffs Raymond Kovacic and Jared Kovacic were unlawfully seized by defendants McDonald and DOES 1 through 8, inclusive on, their persons were searched by said defendants.

100.    Defendant COUNTY has a policy, custom and practice of unlawfully and unreasonably systematically searching the persons of those who they detain, arrest or otherwise seize. The searches of plaintiffs Raymond Kovacic and Jared Kovacic were violations of their Fourth Amendment right to be free from an unlawful search of their persons.

COMPLAINT FOR DAMAGES

25

Law Offices of Jerry L. Steering

101.   As a direct and proximate result of defendants' actions, above-referenced, plaintiffs were substantially physically, mentally and emotionally injured, and incurred bail expenses and attorney's fees and other special and general damages and expenses; all in an amount to be proven at trial; in excess of $2,000,000.00.

102.   The actions by said defendants were done maliciously and in reckless disregard of plaintiff Raymond Kovacic's and Jared Kovacic's constitutional rights, sufficient for an award of punitive / exemplary damages against defendants in an amount to be shown at trial, in excess of $2,000,000.00.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of First Amendment Rights –**
**(By Raymond Kovacic and Jared Kovacic Against all Defendants)**

103.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 102, inclusive, above, as if set forth in full herein.

104.   As shown above, plaintiffs verbally protested the defendants action being perpetrated against them.

105.   Also as shown above, the defendants took actions against the plaintiffs in retaliation for plaintiffs' verbal protests of their actions.

106.   Said acts of retaliation against the plaintiffs for their verbal protests of the defendants' actions constituted a violation of the plaintiff rights under the First Amendment to the United States Constitution.

107.   A substantial or motivating factor in the decisions of said defendants to take

COMPLAINT FOR DAMAGES

said tortious and felonious actions against the plaintiffs complained of herein, was their exercise of constitutionally protected free speech under the First Amendment to the United States Constitution.

108.    As a direct and proximate result of the actions of defendants Sgt. McDonald and DOES 1 through 8, inclusive, Raymond Kovacic and Jared Kovacic were: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $10,000,000.00.

109.    The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of Merritt L. Sharp III's and Jared Kovacic's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $10,000,000.00.

## EIGHTH CAUSE OF ACTION
### Violation of Cal. Civil Code § 52.1
### Under California State Law
### (By Raymond Kovacic and Jared Kovacic Against all Defendants)

110.    Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 109, inclusive, above, as if set forth in full herein.

111.    As shown above, McDonald and said DOE defendants told Raymond

COMPLAINT FOR DAMAGES

Law Offices of Jerry L. Steering

Kovacic to stop verbally protesting their actions that were being perpetrated against him and Jared Kovacic, or they would arrest Jared Kovacic also.

112.   Also as shown above, McDonald and DOES 1 to 8, inclusive, yelled out to Jared Kovacic and his house guests to get them to exit there house at gun point: "If you don't come out, we're letting the dog in." The DOE deputies also announced that the dog was vicious.

113.   Said threat of violence against plaintiff Jared Kovacic by said defendants in order to coerce him to refrain / stop the exercise of his constitutional right to be left alone in his home and to remain in his home, constituted the threatened use of violence against Jared Kovacic in order to deter and prevent him from exercising his constitutional rights. defendants, Jared Kovacic opened the door to his home and exited his residence.

114.   The actions of defendant deputy sheriff McDonald and DOES 1 through 10, inclusive, above-described, were done in retaliation for plaintiffs exercise of their First Amendment rights to freedom of speech and to petition the government for redress of grievances, and to chill, deter and prevent further verbal protests and complaints by plaintiffs to said defendant deputy sheriffs about their mistreatment of the plaintiffs as well as plaintiffs exercising their Fourth Amendment right to refuse to consent to a warrantless entry into their home, and to Jared Kovacic's right to be left alone in his home.

COMPLAINT FOR DAMAGES

28

115.   Said actions by said deputy defendants constitute the use of actual force and violence, and the threatened use of force and violence against the plaintiffs for their exercise of their First Amendment rights to freedom of speech and to petition the government for redress of grievances, and to chill, deter and prevent further verbal protests and complaints by plaintiffs to said defendant deputy sheriffs about their mistreatment of the plaintiffs as well as plaintiffs exercising their Fourth Amendment right to refuse to consent to a warrantless entry into their home, or for Jared Kovacic to be left alone in their home.

116.   Moreover, as shown above, said defendant deputy sheriffs falsely arrested and falsely imprisoned the plaintiffs, and used unreasonable force upon the plaintiffs.

117.   Said defendant deputy sheriffs, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by plaintiffs of the rights secured by the Constitution and laws of the United States, and of the rights secured by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

118.   Said defendants McDonald and DOES 1 through 10 are liable to plaintiffs for said violations of their constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

119.   As a direct and proximate result of the actions of said defendants, plaintiffs Raymond Kovacic and Jared Kovacic were: 1) substantially physically, mentally and

COMPLAINT FOR DAMAGES

**Law Offices of Jerry L. Steering**

emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, bail costs and other associated costs and expenses, and 4) incurred lost profits; all in an amount to be proven at trial which is in excess of $10,000,000.00.

120.   The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $4,000,000.00.

121.   In addition, as a result of the actions of said defendants in violation of the plaintiffs' rights under Cal. Civil Code § 52.1, the plaintiffs are entitled to an award of treble compensatory damages against all defendants, and each of them in this action.

### NINTH CAUSE OF ACTION
**False Arrest / False Imprisonment**
**Under California State Law**
**(By Raymond Kovacic and Jared Kovacic Against all Defendants)**

122.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 121, inclusive, above, as if set forth in full herein.

123.   As complained of above, plaintiffs Raymond Kovacic and Jared Kovacic were unlawfully seized and arrested at their home by McDonald and DOES 1 through 8, inclusive, on July 31, 2013.

124.   As complained of above, said McDonald and DOES 1 through 8, inclusive had neither a warrant, nor reasonable suspicion of criminality afoot about either

COMPLAINT FOR DAMAGES

**Law Offices of Jerry L. Steering**

plaintiff Raymond Kovacic or Jared Kovacic, nor probable cause to believe that either plaintiff Raymond Kovacic or Jared Kovacic had committed a crime.

125.    Moreover, defendants ordered plaintiff Jared Kovacic out of his house at gunpoint.

126.    Defendants McDonald and DOES 1 through 10, inclusive, are liable to plaintiffs for their false arrests / false imprisonments pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.4 and 820.8.

127.    As a direct and proximate result of the actions of McDonald and DOES 1 through 10, plaintiffs Raymond Kovacic and Jared Kovacic were: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, bail costs and 4) incurred lost profits and other associated costs and expenses; all in an amount to be proven at trial in excess of $10,000,000.00.

128.    The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $10,000,000.00.

### TENTH CAUSE OF ACTION
**Battery**
**Under California State Law**
**(By Raymond Kovacic and Jared Kovacic Against all Defendants)**

COMPLAINT FOR DAMAGES

31

129.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 128, inclusive, above, as if set forth in full herein.

130.   The actions committed by McDonald and DOES 1 through 8, inclusive, above-described, constituted unjustified non-consensual use of unlawful force and violence upon plaintiffs Raymond Kovacic and Jared Kovacic constituted a battery of him by McDonald and DOES 1 through 8, inclusive, under California state law.

131.   McDonald and DOES 1 through 8, and each of them, are liable to plaintiffs for said batteries of them, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.8 and otherwise pursuant to the common-law.

132.   As a direct and proximate result of the actions of McDonald and DOES 1 through 8, plaintiff Raymond Kovacic and plaintiff Jared Kovacic were: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, bail costs and 4) incurred lost profits and other associated costs and expenses; all in an amount to be proven at trial in excess of $10,000,000.00.

133.   The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $10,000,000.00.

COMPLAINT FOR DAMAGES

**Law Offices of Jerry L. Steering**

### ELEVENTH CAUSE OF ACTION
**Assault**
**Under California State Law**
**(By Raymond Kovacic and Jared Kovacic Against all Defendants)**

134.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 133, inclusive, above, as if set forth in full herein.

135.   The actions committed by McDonald  and DOES 1 through 8, inclusive, above-described, constituted an assault of plaintiffs Raymond Kovacic and Jared Kovacic under California state law, as said plaintiffs were unlawfully placed in reasonable fear of receiving an imminent violent injury by McDonald and DOES 1 through 8, inclusive.

136.   McDonald and DOES 1 through 8, inclusive, and each of them, are liable to plaintiffs Raymond Kovacic and Jared Kovacic under California state law for said assaults of them, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820 and 820.8, pursuant to the California Constitution, and otherwise pursuant to the common law.

137.   As a direct and proximate result of the actions of  McDonald and DOES 1 through 8, plaintiffs were: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, bail costs and other associated costs and expenses, 4) incurred lost profits and other associated costs and expenses; all in an amount to be proven at trial in excess of $10,000,000.00.

COMPLAINT FOR DAMAGES

**Law Offices of Jerry L. Steering**

**Law Offices of Jerry L. Steering**

138.   The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $10,000,000.00.

## TWELFTH CAUSE OF ACTION
### Intentional Infliction Of Emotional Distress
### Under California State Law
### (By Raymond Kovacic and Jared Kovacic Against all Defendants)

139.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 138, inclusive, above, as if set forth in full herein.

140.   McDonald and DOES 1 through 8, inclusive, and each of them, knew and/or should have known that plaintiffs were susceptible to suffering severe emotional distress from the actions taken and committed against plaintiffs as complained of above and herein.

141.   Moreover, the conduct of said defendants, for all of the incidents complained of herein, were outrageous and not the type of conduct condoned in a civilized society.

142.   As a direct and proximate result of the actions of said McDonald and DOES 1 through 8, plaintiffs Raymond Kovacic and Jared Kovacic were: 1) substantially physically, and severely mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, bail costs and other associated costs and expenses; 4)

COMPLAINT FOR DAMAGES

34

incurred lost profits and other associated costs and expenses; all in an amount to be proven at trial in excess of $10,000,000.00.

143.   The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $4,000,000.00.

### THIRTEENTH CAUSE OF ACTION
**Negligent Infliction Of Emotional Distress (*Dillon v. Legg* Claim)**
**Under California State Law**
**(By Raymond Kovacic and Jared Kovacic Against all Defendants)**

144.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 143, inclusive, above, as if set forth in full herein.

145.   As shown above, plaintiffs each had a sensory awareness of their fellow plaintiffs being beaten and falsely arrested and terrorized by McDonald  and DOES 1 through 8, inclusive, and suffered severe emotional distress therefrom.

146.   As shown above, as a result of the plaintiffs being aware of each other's mistreatment by McDonald and DOES 1 through 8, above-referenced, said plaintiffs suffered severe emotional distress therefrom.

147.   As a direct and proximate result of the actions of said McDonald and DOES 1 through 8, inclusive, plaintiffs Raymond Kovacic and Jared Kovacic were: 1) substantially physically, and severely mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and

COMPLAINT FOR DAMAGES

Law Offices of Jerry L. Steering

general damages, including attorney's fees, bail costs and other associated costs and expenses; 4) incurred lost profits and other associated costs and expenses; all in an amount to be proven at trial in excess of $10,000,000.00.

148.   The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $10,000,000.00.

### FOURTEENTH CAUSE OF ACTION
**Trespass To Private Residence - Invasion Of Right To Privacy**
**Under California State Law**
**(By Raymond Kovacic and Jared Kovacic Against all Defendants)**

149.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 148, inclusive, above, as if set forth in full herein.

150.   As shown above, plaintiffs lawfully occupied their house, a private residence described above.

151.   As complained of herein, McDonald and DOES 1 through 8, inclusive, unlawfully entered and/or caused others to unlawfully enter plaintiffs' home, after being told not to do so by plaintiffs.

152.   As complained of herein, plaintiffs did not voluntarily consent to the entry into their home by McDonald and DOES 1 through 8, inclusive, and none of them had either a warrant, consent or any emergency or exigent circumstances so as to legally justify said warrantless intrusion into plaintiffs' home.

COMPLAINT FOR DAMAGES

Law Offices of Jerry L. Steering

153.   Said actions committed by McDonald and DOES 1 through 8, inclusive, constituted a trespass to the plaintiffs' home, and an invasion of their right to privacy under California Law, and otherwise under the California Constitution.

154.   Defendants, and each of them, are liable to Plaintiffs for their damage pursuant to Cal. Government Code §§815.2, 815.6, 820 and 820.8, pursuant to the California Constitution, and otherwise pursuant to the common law.

155.   As a direct and proximate result of the actions of McDonald and DOES 1 through 8, inclusive, trespass of plaintiffs' property, plaintiffs were: 1) substantially physically, and severely mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, bail costs and other associated costs and expenses; 4) incurred lost profits and other associated costs and expenses; all in an amount to be proven at trial in excess of $10,000,000.00.

156.   The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $10,000,000.00.

**WHEREFORE**, plaintiffs pray for judgment as follows:

a)  For a judgment against all defendants for compensatory damages in an

COMPLAINT FOR DAMAGES

**Law Offices of Jerry L. Steering**

amount in excess of $10,000,000.00; trebled to $30,000,000.00[5];

b) For a judgment against all defendants, save defendant COUNTY, for punitive damages in an amount in excess of $10,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

JERRY L. STEERING

---

[5] $10,000,000.00 and pursuant to plaintiff's Section 52.1 claim, treble damages.

COMPLAINT FOR DAMAGES